**Senait Negassi GEBREZGABHERE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74516.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2004.

Decided Aug. 31, 2004.

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

Senait Negassi Gebrezgabhere, Seattle, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, HAMILTON,* and BERZON, Circuit Judges.

## MEMORANDUM **

Senait Negassi Gebrezgabhere ("Gebrezgabhere"), an Eritrean citizen, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 (2000) and we grant the petition in part, deny it in part and remand.

The government first argues that Gebrezgabhere abandoned her claims regarding withholding of removal and relief under CAT by failing to raise them before

---

* The Honorable Clyde H. Hamilton, Senior United States Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the BIA or this Court. We agree with the government that Gebrezgabhere has abandoned her CAT claim because she has not raised any arguments regarding the likelihood that she would be tortured if she were returned to Eritrea. We reject, however, the government's position regarding Gebrezgabhere's withholding of removal claim. Immigration regulations and our precedent treat an application for asylum as also an application for withholding of removal. *See* 8 C.F.R. 208.3(b) (2002) ("An asylum application shall be deemed to constitute at the same time an application for withholding of removal. . . ."); *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004). We therefore conclude that Gebrezgabhere's arguments regarding her asylum claim preserved the withholding of removal claim for review.[1]

■ We review the BIA's decision finding Gebrezgabhere ineligible for asylum under the substantial evidence standard. *Id.* at 769. The IJ rejected Gebrezgabhere's asylum claim because he found her testimony not to be credible and therefore concluded that she had not met her burden of establishing eligibility for asylum. Although the BIA's order is not entirely clear regarding its basis for decision, we agree with the government that the BIA did not adopt the IJ's adverse credibility finding but simply concluded that Gebrezgabhere's testimony was insufficient to establish eligibility for asylum.

We conclude that the BIA's decision is not supported by substantial evidence. Because we have found that the BIA did not make an adverse credibility determination against Gebrezgabhere, we accept her testimony as undisputed. *Gormley v. Ashcroft*, 364 F.3d 1172, 1176 (9th Cir.2004). At her hearing before the IJ, Gebrezga-

bhere gave detailed testimony that she was detained in Karcheli prison in Asmara, Eritrea for nearly a month in February 1997. Gebrezgabhere also described suffering serious beatings during the first two days of her detention and testified that she lost consciousness as a result of the beatings. We have previously held that this kind of mistreatment constitutes past persecution under the asylum statute. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir.2004) (holding that petitioner was persecuted when he was detained and beaten on two separate occasions); *Gafoor v. INS*, 231 F.3d 645, 650 (9th Cir.2000) (stating that mistreatment "easily" qualified as persecution where petitioner was beaten during a week-long detention and then beaten unconscious after he was released). Moreover, Gebrezgabhere testified that her mistreatment at the hands of Eritrean officials occurred because she was perceived as a supporter of the Mengistu regime that had ruled Eritrea prior to its independence. Gebrezgabhere's testimony was sufficient to establish that she suffered past persecution on account of a protected ground. *See Garrovillas v. INS*, 156 F.3d 1010, 1016 (9th Cir.1998) ("[A]n applicant may establish his case through his own testimony alone.") (quoting *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997)). Under the immigration regulations, Gebrezgabhere is therefore presumed to have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1) (2002); *see also Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir.2000). Because the government has not rebutted this presumption, we conclude that the record compels a finding that Gebrezgabhere is eligible for asylum.

---

1. However, because the BIA did not consider the merits of Gebrezgabhere's claim for withholding of removal in the first instance, we will direct the BIA on remand to address that claim in light of our decision on the asylum claim.

Finally, we reject the government's suggestion that the BIA made a discretionary decision to deny Gebrezgabhere asylum because of her stay in Egypt prior to coming to the United States. We will not assume that the BIA relied on an alternate basis for decision unless the BIA's order makes such reliance clear. *See Ramos-Vasquez v. INS*, 57 F.3d 857, 862 (9th Cir.1995) ("[W]hen the BIA introduces reasons with words like 'moreover' or 'in addition,' this court does not presume that those reasons constitute an independent basis for dismissal."). We conclude that the BIA's statement regarding Gebrezgabhere's stay in Egypt was not sufficiently clear to indicate an alternate basis for decision.[2]

We grant the petition for review in part finding Gebrezgabhere eligible for asylum, but denying her CAT claim. We remand to the BIA for it to exercise its discretion as to whether to grant Gebrezgabhere's asylum claim. On remand, the BIA should also consider in the first instance whether Gebrezgabhere is eligible for withholding of removal.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART AND REMANDED.**

---

**2.** In any event, we find it doubtful that the BIA could extend the scope of the firm resettlement regulation, 8 C.F.R. § 208.15, by simply labeling its decision "discretionary." *Cf. Andriasian v. INS*, 180 F.3d 1033, 1046 (9th Cir.1999) (holding, under a former version of 8 C.F.R. § 208.13, that the BIA abused its discretion in denying asylum to an eligible petitioner who had previously lived in a third country without an offer of resettlement).